F. C. HUBBELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BEULAH C. WACHTMEISTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GROVER C. HUBBELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51941–51943, 52758–52760, 54374, 55272, 55273. Promulgated February 27, 1933.

*J. G. Gamble, Esq.,* for the petitioners.
*W. E. Davis, Esq.,* for the respondent.

OPINION.

LANSDON: The respondent has asserted deficiencies in income taxes as follows:

| Year | F. C. Hubbell | Beulah C. Wachtmeister | Grover C. Hubbell |
|---|---|---|---|
| 1924 | $8,415.71 | $8,956.26 | $7,275.70 |
| 1925 | 1,528.74 | 4,053.55 | 4,321.01 |
| 1926 | 2,860.64 | 6,505.46 | 7,434.94 |
| 1927 | 3,975.07 | 2,961.70 | 3,208.32 |
| 1928 | 1,767.37 | 1,711.03 | 1,262.16 |

Although the petition contains numerous allegations of error, there is really only one question presented for determination in these proceedings, namely, whether amounts retained by the trustees out of gross receipts of the trust to maintain a reserve for depreciation of trust assets, and to offset the undepreciated cost of obsolete buildings abandoned, constitute income distributable to the beneficiaries and taxable to them, as the respondent has determined. The material facts are presented in a written stipulation, which is hereby incorporated as a part of this report.

In *F. C. Hubbell*, 14 B. T. A. 1040; affd., 46 Fed. (2d) 446, certiorari denied, 283 U. S. 840, where the similar question as to prior years was presented, it was held that the trust instrument did not authorize the trustees to establish and maintain a reserve for depreciation by deductions from income and that the amounts so retained were distributable and taxable to the beneficiaries. Thereafter one of the beneficiaries brought suit in the District Court of Iowa for an accounting and to enjoin the trustees from making such deductions, alleging that the trust instrument did not authorize deductions for depreciation in computing the income distributable to the beneficiaries. On July 10, 1931, the court rendered its decree for the defendant, holding that the trustees were authorized to set up a reserve for depreciation of trust property. The petitioners now urge that we are bound by the decree of the local Iowa court and that our previous opinion, which was affirmed by the Circuit Court of Appeals, must be overruled.

A situation almost identical to that presented here was before the Circuit Court of Appeals for the Ninth Circuit in *Commissioner v. Freuler*, 62 Fed. (2d) 733. The court there held that in the circumstances the construction of the trust instrument by a state court is not binding on the Federal courts in determining income tax liability. In the instant case the petitioners seek to overrule a construction of the trust instrument by the Federal courts upon presentation of a local state court decree which was rendered subsequently. A similar contention was rejected by the District Court for the Western District of Kentucky in *Fidelity & Columbia Trust Co.* v. *Lucas*, 52 Fed. (2d) 298.

Upon authority of the *Freuler* case, *supra*, which we think is controlling here, the respondent's determination is approved.

*Cf. Estate of Thomas Burke*, 22 B. T. A. 337; affd., 62 Fed. (2d) 7.

*Decision will be entered for the respondent.*